### GEORGE L. BLANCHARD

*v.*

### THE TOWN OF LASALLE.

*Filed at Ottawa May 14, 1881.*

1. COMMISSIONERS OF HIGHWAYS—*commissions of treasurer.* The act of 1873, repealing the act of August 15, 1872, giving commissions to the treasurer of commissioners of highways, and failing to make any other provision for commissions, such officer elected in 1874 was not entitled to any commissions for moneys received and paid out by him prior to April 15, 1875. His only compensation for services was the *per diem* of $1.50, allowed to him as highway commissioner. The act of 1875, in restoring commissions, was prospective only.

2. SAME—*compensation for services not strictly official.* In 1874 the treasurer of the commissioners of highways of a town received, negotiated and paid out a large amount of town bonds, issued for the building of a bridge. At the time, the statute allowed no commissions to such officer, or other compensation, except $1.50 for each day necessarily employed in the performance of his duties. There was no contract between him and the town, and no proof that the services were performed at the request of the town: *Held,* that the $1.50 *per diem* was all the compensation he was entitled to, even though the negotiation of the bonds was not strictly an official duty.

3. PARTY—*suit against treasurer of commissioners of highways.* Where a treasurer of the commissioners of highways of a town refuses to pay over moneys in his hands, belonging to the town, to his successor, but claims the same as his own, suit against him for such money is properly brought in the name of the town. The remedy on his official bond does not exclude suit against him by the town.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Mr. G. S. ELDRIDGE, for the plaintiff in error.

Mr. E. F. BULL, and Messrs. DUNCAN & O'CONNOR, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This action was brought against Blanchard by the town of La Salle, to recover moneys retained by the former for his commissions as treasurer of the commissioners of highways, claimed by him upon moneys which came into his hands and were paid out by him between May 13, 1874, and March 27, 1877.

At the annual town meeting in the spring of 1874, Blanchard was elected one of the highway commissioners of the town of La Salle, and subsequently was, by the board of commissioners, chosen their treasurer, and continued to act as treasurer, by re-election each year, during the three years of his term of office as commissioner. During the year 1874 the town of La Salle issued its bonds, to the amount of $82,000, for the construction of a bridge across the Illinois river. Under a contract with the bridge company, the latter were to receive $34,800 in the bonds of the town, and Blanchard paid over to them that amount in bonds of the town, leaving $42,700 of the bonds, which he sold upon the market at par, and received the money therefor as treasurer of the commissioners of highways. Upon the aggregate amount of the bonds, $82,000, thus paid to the bridge company, and thus sold and negotiated, the proceeds of which passed into his hands as treasurer, he charged two per cent commission, as well as upon other moneys which he received and disbursed during the year 1874,—the commission on the $82,000 amounting to $1640, and on the other moneys, $192.87. These items he claimed in his settlement with the board of town auditors at the end of the first year, which claim they disallowed; but, nevertheless, he retained the money in his hands, and refused to pay the same over to his successor, on demand. In addition to the above there were other commissions sued for, which Blanchard charged and retained in his hands, but as there was no recovery for them, and no cross-errors are assigned, it is unnecessary to notice

them further. The plaintiff recovered judgment in the circuit court for the amount of the two above mentioned items of commissions, after deducting the general balance due Blanchard upon his final settlement. On appeal to the Appellate Court for the Second District the judgment was affirmed, and the case is here on writ of error to the Appellate Court, sued out by Blanchard.

The town of La Salle claims that, as the law stood at the time Blanchard was chosen treasurer of the board of highway commissioners, and during the year 1874, when these two items of commissions were charged, he was entitled to no commissions whatever, and whether he was or not is the principal question arising upon the record.

We do not find that at any time since the passage of the Township Organization act, down to August 15, 1872, have the treasurers of highway commissioners been entitled to any commission, nor to any other compensation than their *per diem* allowance as highway commissioner, provided by the statute. On August 15, 1872, (see Laws 1871–2, p. 680,) a law was passed allowing such treasurer two per cent commission on moneys received by him and paid out, except such as he might pay over to his successor in office. This law remained in force until May 11, 1873, (see Laws 1873, p. 163,) when it was repealed. On April 15, 1875, another act went into effect restoring the commissions, (see Laws 1875, pp. 111, 112,) so that from May 11, 1873, until April 15, 1875, there was no law allowing such commissions, and that period covers all the time for which these commissions were charged. And thus the law remained until July 1, 1877, (see Laws 1877, p. 182, sec. 15,) when a new law went into effect, allowing such treasurer only such commissions as might be fixed by resolution of the board at the time of his election, not exceeding two per cent.

It is contended by the plaintiff in error, that although, in terms, the act of May 11, 1873, seems to repeal the law of 1872, giving commissions, such was evidently not the

intention, so far as respects the office of commissioners of highways and the compensation of the treasurer, because the law of 1873 fails to make any provision for the election of commissioners of highways, yet repeatedly recognizes the existence of the office, and defines the duties pertaining to it, and so must have intended the law of 1872, which provides for the election of commissioners of highways, should continue in force, as respects the provision for such election, and that therefore the repealing clause in the act of 1873 should be construed as repealing only so much of the law of 1872 as was inconsistent with the law of 1873. There would be much force in this, so far as respects the provision for the election of highway commissioners, but we do not see its pertinency ɛs applied to the treasurer's compensation.

There is surely nothing in the act of 1873 which denotes any palpable mistake or omission in it in not making provision, as the former act did, for commissions to the treasurer, but quite the contrary. Section 11 of the Road and Bridge act of 1873 is, in its several provisions in reference to the treasurer of highway commissioners, essentially the same as section 31 of the Road and Bridge act of 1872, except that the provision in regard to commissions is omitted, showing an evident intention to disallow such commissions.

It is next contended, that the act which went in force April 15, 1875, restoring commissions to the treasurer, was retrospective, as well in reference to the commissions to the treasurer of highway commissioners, as in reference to legalizing the acts of commissioners elected in 1874 and 1875.

The title of this act of 1875 is referred to as showing express intention that it should operate retrospectively with respect to such commissions. It is as follows: "An act to provide for the election of commissioners of highways in counties under township organization, and to legalize the election and official acts of such as were elected in the years 1874 and 1875, and to fix the compensation of the treasurer of such commissioners." This title does rather evince the

intention claimed; but when we come to examine, and see what was really enacted, we find but section two which, in fact, is retroactive,—it validating the election and official acts of commissioners of highways elected in the years 1874 and 1875.

Section three, which provides for commissions to the treasurer, has no reference, in terms, to those commissioners or to the past, but it is general, that the treasurer of the board of commissioners of highways shall receive for his services two per cent on all moneys he may receive and pay out, except such as he may pay over to his successor—not on all moneys he may *have received and paid* out, except such as he may *have paid* over to his successor, but such as he *may receive and pay* out, except such as he *may pay* over to his successor—the section evidently applying to the future.

Taking, then, the whole act together, we think it must, as to commissions to the treasurer, be regarded as prospective in operation, and that the words in the title, *such commissioners*, are to be understood as referring to commissioners of highways generally, and not to such commissioners as were elected in the years 1874 and 1875, except as they may apply prospectively to those of the latter year.

Plaintiff in error claims, further, that if it be held that he is entitled to no commissions on moneys received and disbursed, the town of La Salle should pay him a reasonable compensation for his services in negotiating the bonds, and it was in evidence that two and a half per cent was a reasonable compensation.    There was no contract between the town and treasurer, and no evidence that the services were rendered at the request of the town, express or implied, more than that the proceeds of the bonds were applied for the benefit of the town in paying for the bridge.    The treasurer was one of the three commissioners of highways, appointed as such by them from their number, as the statute directs.    The statutory compensation of commissioners of highways, at the time these services

were rendered, was an allowance of $1.50 per day for each day necessarily employed in the performance of their duties. This was the full allowance which the statute made for the services of a commissioner of highways, and plaintiff being but such commissioner, we are of opinion that such *per diem* allowance is all the compensation to which he is entitled; and this, even though the negotiation of these bonds was not strictly an official duty. See 1 Dill. Mun. Corp. secs. 172–3.

The objection is taken that this suit by the town does not lie. Reference is made to the provision of the statute that the treasurer shall hold the moneys he receives " subject, at all times, to the order of the commissioners of highways, and shall pay them over upon their order, or a majority of said commissioners, and not otherwise," and it is said that if there be an implied promise to pay this money to any one, it is to the commissioners of highways,—that the statute gives a plain remedy upon the treasurer's official bond, and no other remedy is provided for. The bond is the security given for the payment over of the money, and for the enforcement of such security, suit must be in the name of the obligee. But remedy upon this security does not exclude suit against the treasurer for the money by the party to whom it in fact belongs. Money in the hands of the treasurer, ready to be paid over, is to be paid over upon the order of the commissioners of highways. But here is refusal to pay over the money; it is claimed as the treasurer's own; and the suit for the money, when that is to be brought, must not necessarily be by the commissioners of highways. The money does not belong to them, and they, as the treasurer, are officers of the town, the relation between them being in the nature of that of principal and agent. Sections 45 and 46 of the Township Organization act expressly provide for suits in the name of the town. There is no law prescribing the bringing of the suit in any other name, or by any officer of the town. The money belongs to the town, and is in the hands of the treas-

urer as its mere agent, and we entertain no doubt that the town is entitled to sue for its recovery.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*