HENRY W. KINGSBURY

v.

ANSON SPERRY et al.*

*Filed at Ottawa January 25, 1887.*

1. APPEALS AND WRITS OF ERROR—*writ of error awarded, in the absence of any other remedy.* A writ of error, in the absence of express statutory authority, in purely statutory proceedings that are not according to the course of the common law, has been allowed only to prevent a failure of justice, because the party affected has no other mode of review.

2. SAME—*as to final orders of county court—writ of error not a writ of right, in all cases, under section 19, article 6, of constitution.* Section 19, of article 6, of the constitution, relating to appeals and writs of error to review final orders of the county court, does not confer the right to a writ of error from this court in all cases decided by the county court. It is but a direction to the General Assembly to prescribe, by law, how appeals and writs of error shall be allowed from the final judgments of the county courts.

3. SAME—*under section 11 of the Probate Court act—whether a writ of error will lie to the county court, in respect of similar matters.* Section 11 of the act to establish probate courts in certain counties, in relation to writs of error, is prospective, only, in its operation, and applies only to decrees and orders of that court, and does not authorize a writ of error to review a decree or final order of the county court for the mortgage or sale of a ward's land by a guardian.

4. SAME—*in case appeal is given from county court to circuit court—whether writ of error will lie to county court.* Where the statute confers on the county court a jurisdiction unknown to the common law, and gives an appeal from the judgments and final orders of that court, under such statutory jurisdiction, to the circuit court, a writ of error will not lie from this court to review the action of the county court.

5. SAME—*whether freehold is involved.* The foreclosure of a mortgage, and, much less, the giving of leave by the county court to a guardian to mortgage his ward's lands, does not involve a freehold, within the meaning of the section relating to appeals and writs of error.

6. MORTGAGE BY GUARDIAN, *of ward's land—of the defences accorded to the ward, on foreclosure.* On a proceeding in the county court to foreclose a mortgage given by a guardian on his ward's lands, the guardian and the ward are both necessary parties; and any sale made on a decree of fore-

*The cases of *Kingsbury* v. *Sperry et al.* and *Kingsbury* v. *Powers*, are also considered in the decision in this case.

closure may, at any time before confirmation, be set aside for good cause, and will not be binding upon the guardian or ward until confirmed by the court. In such suit the ward may have the entire proceeding, including the authority to give the mortgage, reviewed by the court.

7. BILL OF REVIEW—*by a ward, in respect to an order of the county court permitting the guardian to mortgage the ward's land.* A ward may, before bill to foreclose a mortgage given by his guardian, maintain his bill in equity to review the order of the county court granting leave to give such mortgage, and thereby take advantage of every objection that might be urged on writ of error, if one were allowed.

8. LOCAL OR SPECIAL LAW—*allowing a writ of error to a probate court, when it is not allowed to the county courts in respect of the same subject matter.* A statute attempting to give the right to sue out a writ of error, in a proceeding by a guardian for the sale of his ward's real estate, in the probate court, where the same right is not allowed in such a proceeding in the county court, would be a local and special law, within the constitutional prohibition.

WRIT OF ERROR to the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Messrs. WILSON & MOORE, for the plaintiff in error:

The county court has no power or authority to authorize a guardian to erect new and costly buildings upon the unimproved real estate of his ward, with the moneys of his ward in his hands. That court has no power to authorize a guardian to borrow money for a purpose to which he could not apply the moneys of the ward in his possession.

The order to sell the ward's real estate, to pay debts incurred by the guardian in the erection of buildings, was unauthorized.

This court has entertained writs of error to reverse judgments of courts, for want of jurisdiction. *Boyland* v. *Boyland*, 18 Ill. 551; *Spellman* v. *Dowse*, 79 id. 66; *Hobson* v. *Paine*, 45 id. 158; *In re Stevens,* 25 id. 390; *Gibson* v. *Roll*, 27 id. 87; *Napper* v. *Short*, 17 id. 119; *Unknown Heirs* v. *Baker*, 23 id. 430.

This court has entertained jurisdiction, by appeal or writ of error, in proceedings by guardians for the sale of their wards'

real estate. *Spellman* v. *Dowse,* 79 Ill. 66; *Ex parte Guernsey,* 21 id. 448; *Greenbaum* v. *Greenbaum,* 81 id. 367.

A writ of error is a writ of right given by the common law, and recognized by the constitution. *Unknown Heirs* v. *Baker,* 23 Ill. 433; *Haines* v. *People,* 97 id. 161. And this right can not be taken away by the statute. *Peak* v. *People,* 76 Ill. 291.

This right to a writ of error is not taken away by a right to appeal, in a case where the right of appeal can not be exercised, from infancy and the like. *Hall* v. *Thode,* 75 Ill. 175; *Savage* v. *Gulliver,* 4 Mass. 171; *Jarvis* v. *Blanchard,* 6 id. 4; *Valier* v. *Hart,* 11 id. 300.

Minors are not chargeable with *laches. Smith* v. *Sackett,* 5 Gilm. 544.

Messrs. DEXTER, HERRICK & ALLEN, for the defendant in error the United States Mortgage Company:

The order of the county court authorizing the mortgage is not open to review, and therefore the writ of error was properly dismissed. The proceeding was not adverse. *Mason* v. *Wait,* 4 Scam. 127; *Mulford* v. *Beveridge,* 78 Ill. 455; *Spring* v. *Kane,* 86 id. 581; *Dodge* v. *Cole,* 97 id. 338.

A purchaser at a judicial sale is not affected by errors of law in the proceeding. This principle has been frequently applied to administrators' and guardians' sales. *Goudy* v. *Hall,* 36 Ill. 313; *Fitzgibbon* v. *Lake,* 40 id. 165; *Mulford* v. *Stalzenback,* 46 id. 303. This should apply to guardians' mortgages made under order of court.

The mortgage company being no party to the proceeding in the county court, can not be made a party to a proceeding to review the same.

A writ of error will not lie from this court when an appeal is allowed by statute to the circuit court. *Ennis* v. *Ennis,* 103 Ill. 95; *Frans* v. *People,* 59 id. 427; *Horner* v. *Goe,* 54 id. 285; *Hobson* v. *Paine,* 40 id. 25; *Haines* v. *People,* 97 id. 161.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

These writs of error assume to bring before us for review three orders of the county court of Cook county, made, respectively, on the 6th of August, 1872, on the 4th of April, 1873, and on the 11th of December, 1876, allowing the guardian of Henry W. Kingsbury to mortgage real estate of his ward to secure the payment of money borrowed by the guardian to improve such real estate.

The writs must be dismissed. It is provided by section 19, article 6, of our constitution, that appeals and writs of error shall be allowed from final determinations of county courts, as may be provided by law. Plainly, this does not confer the right to a writ of error from this court in all cases decided by the county court. Whether the case shall be taken, by appeal or by writ of error, to this court or to some other court, must be provided by law. It is but a direction to the General Assembly to prescribe, by law, how appeals and writs of error shall be allowed from final determinations of county courts.

When these orders were made, the statute in force was that, or the same as that, of chapter 64 of the Revised Statutes of 1874, entitled "Guardian and Ward," the 24th, 25th and 26th sections whereof provide, that guardians may mortgage the real estate of their wards, by leave of the county court, expressed in an order to be made for that purpose, which mortgage can only be foreclosed in the county court. And the 43d section provides, that "appeals shall be allowed to the circuit court from any order or judgment made or rendered under this act, upon the appellant giving such bond and security as shall be directed by the court," and that section has remained in force until the present time. No provision of any statute is known to us expressly conferring the right to sue out a writ of error upon an order allowing the guardian to mortgage his ward's real estate. It is not claimed that the county court, in making the orders questioned, was

in the exercise of a jurisdiction according to the course of the common law. On the contrary, it is clear that the jurisdiction exercised was unknown to the common law, and was purely statutory. In such cases, where, as here, an appeal is given to the circuit court, a writ of error does not lie from this court. *Hobson* v. *Paine*, 40 Ill. 25; *Holden et al.* v. *Herkimer*, 53 id. 258; *Horner* v. *Goe*, 54 id. 285; *Frans* v. *The People*, 59 id. 427; *Ennis* v. *Ennis*, 103 id. 95.

There is no other section of chapter 64, nor of any other act, of which we are aware, which can be held to modify and limit section 43, so as to exclude from its operation or effect, orders allowing guardians to mortgage their wards' lands, as there was, at one time, in respect of sales by guardians of the real estate of their wards. It could not have been intended that the order might be reviewed, on appeal, by the circuit court, in which instance the proceeding would be considered as if originally made to that court, (Rev. Stat. 1874, chap. 37, sec. 122,) and by writ of error in this court, in which instance the inquiry would be, only, whether the county court had erred; for if this were allowable, there might be an order *de novo* in the circuit court, and an order of reversal or affirmance in this court, in the same proceeding. It is true, the plaintiff in error was a minor when these orders were made, and, for the sake of argument, we will admit that he could not then have appealed; but the proceeding being not according to the course of the common law, and the law providing that it may be reviewed in one mode by designated tribunals, the fact of minority can not render it necessary that it shall be reviewed in a different mode and by a different tribunal. No authority has been called to our attention going that far.

Writs of error have been held to lie, in the absence of express statutory authority, in purely statutory proceedings that are not according to the course of the common law, only to prevent a failure of justice, because the party affected has no other mode of review. This is the result of a fair consid-

eration of all the cases affecting the question, and it is unnecessary to extend this opinion by an analysis of each case. *Peak* v. *The People*, 76 Ill. 289, and cases cited, and *Haines* v. *The People*, 97 id. 161.

The 26th section of the act, *supra*, provides, that "foreclosures of mortgages authorized by this act shall be made by petition to the county court of the county where letters of guardianship were granted, * * * in which proceeding the guardian and ward shall be made defendants; and any sale made by virtue of any order or decree of foreclosure of such mortgage, may, at any time before confirmation, be set aside by the court for inadequacy of price, or other good cause, and shall not be binding upon the guardian or ward until confirmed by the court." Here is, beyond all question, ample opportunity to the ward to have the entire proceedings reviewed, and to interpose every objection that could be urged if the case were properly here on error, with the further right of having that review reviewed by a superior tribunal,—and the same right must exist in the United States courts upon the bills there filed to foreclose the mortgage. Meanwhile, if the ward is unwilling to wait until bill to foreclose is filed, he may commence proceedings himself, to review the orders, by bill in equity, on the principle of *Loyd* v. *Malone et al.* 23 Ill. 43, *Kuchenbeiser* v. *Beckert*, 41 id. 172, and *Lloyd* v. *Kirkwood*, 112 id. 337, and there urge every objection of which he could avail on error, if it were allowable.

The question is treated, in argument, as if an order giving leave to a guardian to mortgage, and an order or decree authorizing him to sell, the land of his ward, are essentially the same in principle. This is, plainly, a misapprehension. By the sale and confirmation, the title of the ward passes absolutely to the purchaser. Before this can be effected, the court is required to hear evidence, and adjudicate as to the existence of certain facts. (See Rev. Stat. 1874, secs. 28, 29, 30, *et seq.*, chap. 64.) We have seen, in the case of mort-

gaging, no title passes until after decree of foreclosure, sale, and confirmation thereafter. No fact is required to be adjudicated before making the order. The power is given to the guardian, simply, by leave of the court, to perform the ministerial act of borrowing money and executing mortgage. It might have been vested in the guardian absolutely, without consulting the court, or it might have been vested in some other individual. Cooley's Const. Lim. (1st ed.) 98, 99, *et seq.* Judicial power is only invoked when a foreclosure is sought, and then, we have seen, the ward has all the rights that he claims that he is now entitled to assert. And the fact, of itself, that ordering that the guardian have leave to mortgage, though by a court, is the exercise of a ministerial, and not of a judicial, power, precludes the right to a writ of error, for, says 2 Tidd's Practice, (3d Am. ed.) 1140, *1141: "No writ of error can be brought but on a judgment, or an award in the nature of a judgment."

But we are not prepared to admit that the ward, at the time these writs were sued out, was entitled to a writ of error from this court, upon an order or decree authorizing the guardian to sell the ward's land. It is true, that by section 123 of the Revised Statutes of 1874, a writ of error was allowed from this court upon such an order or decree, but that section was repealed by an amendatory act approved May 21, 1877, in which was omitted applications of guardians for the sales of real estate, and as further amended by the act approved May 30, 1881, it read, when these writs of error were sued out: "Appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court, in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer," and went no further. (Laws of 1881, p. 66.) There was no other provision of law,

at the time of suing out the writs, in force, so far as we are advised, giving the right to prosecute a writ of error to the county court, on applications for guardians to sell lands. And since a writ of error is considered a new action, (2 Tidd's Practice, 3d Am. ed. 1141, *Ripley* v. *Morris*, 2 Gilm. 381,) the question is, only, whether a writ of error lay at the time the writs were sued out. *Williams et al.* v. *Ayers et al.* 92 Ill. 16.

The contention that the right to sue out a writ of error on these records is preserved by the 11th section of the act to establish probate courts in counties having a population of one hundred thousand, approved April 27, 1877, which court had succeeded the county court of Cook county when these writs were sued out, is not tenable, in our opinion, for two reasons,—first, that section is prospective, and refers only to decrees of probate courts; and second, it is not admissible that the right to sue out a writ of error, on an application for sale of real estate by a guardian, in the probate court, shall be allowed, when the same right is not allowed on such applications in the county court. Such a law is necessarily local and special. (*Devine* v. *Cook County*, 84 Ill. 590.) And one of the clauses of section 22, of article 4, of the constitution, prohibits the enactment of local or special laws in relation to the sale or mortgage of real estate belonging to minors or others under disability. Moreover, the probate court, where adopted, and the county court in other counties, as respects all matters of probate and the applications of guardians to sell or mortgage lands of minors, are of the same class or grade; and section 29, of article 6, of the constitution, provides, that "all laws relating to courts shall be general, and of uniform operation, and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." In *Ex parte Guernsey*, 21 Ill. 443, although the writ of error was to the county court of Grundy county,

that court was acting under special statutes authorizing a writ of error from the Supreme Court to that court. (Laws of 1855, p. 160; Laws of 1854, p. 240, secs. 4, 11; 1 Purple's Stat. p. 298.) *Ayers* v. *Baumgarten*, 15 Ill. 444, was an appeal from the Cook circuit court. *Greenbaum* v. *Greenbaum*, 81 Ill. 368, was also an appeal from the Cook circuit court, and *Spellman* v. *Dowse*, 79 Ill. 66, was an appeal from the Will circuit court; so that nothing decided in either of those cases. has any relation to the questions we have been considering.

But even if plaintiff in error were entitled to a writ of error, it should have been sued out of the Appellate Court, and not out of this court. (See Appellate Court act, sec. 28, 1 Starr & Curtis, p. 702.) Even the foreclosure of a mortgage, and, much less, the giving of leave to execute a mortgage, does not involve a freehold, within the meaning of that section, so as to authorize the writ to be sued out of this court. *Grand Tower Manf. Co.* v. *Hall*, 94 Ill. 152; *Pinneo et al.* v. *Knox et al.* 100 id. 471; *Akin* v. *Cassiday*, 105 id. 22.

*Writs of error dismissed.*