KATHERINE DAWSON

*v.*

RICHARD EUSTICE, Admr.

*Filed at Ottawa January 16, 1894.*

1. APPEALS—*from county and probate courts—to what courts—constitutional law.* Appeals from decrees of county courts and probate courts ordering the sale of real estate by administrators to pay debts, can only be taken to the circuit court, and there tried *de novo.*

2. Section 12 of the Probate Court act, which provides for appeals from decrees of the probate court for the sale of land by administrators to pay debts of the decedent, directly to this court, is unconstitutional and void.

3. The statute relating to county courts, and giving appeals from such courts to the circuit courts from decrees authorizing administrators and executors to sell land to pay debts of the estates they represent, and section 12 of the Probate Court act, giving appeals from the latter court in such cases directly to this court, are not uniform, and section 12 of the latter act is in conflict with section 29 of article 6 of the constitution, and void.

APPEAL from the Probate Court of Cook county; the Hon. C. C. KOHLSAAT, Judge, presiding.

Mr. MILTON I. BECK, for the appellant.

Mr. D. W. GRAVES, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from the probate court of Cook county, authorizing appellee, as administrator, to sell real estate to pay debts. The first question raised on the record is one of jurisdiction, appellee insisting that an appeal does not lie to this court. It is not denied that section 12 of the statute entitled "Probate Courts," authorizes such an appeal, but it is insisted that section is in contravention of section 29, article 6, of the constitution, and therefore void.

The section of the constitution provides that "all laws relating to courts shall be general, and of uniform application, and the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade, so far as regulated, and the force and effect of the process, judgments and decrees of courts, shall be uniform." Whether or not section 12 of the statute *supra* is violative of this constitutional provision, depends upon its construction, in connection with the act entitled "County Courts," which provides for appeals from like decrees,—in other words, are the two statutes wanting in uniformity, within the meaning of the foregoing language of the constitution. Turning to the latter statute, we find that by section 5 county courts are given jurisdiction in all matters of probate, "and in proceedings by executors, administrators, guardians and conservators for the sale of real estate for the purposes authorized by law." Section 5 of the act establishing probate courts confers like jurisdiction upon that court. The only sections of the County Court act allowing appeals are 122 and 123, and read together they provide that "appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties in all matters except * * * in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible de-

tainer, and forcible entry and detainer." In the excepted
cases appeals can be taken directly to this or the Appellate
Court. Upon all appeals to the circuit court the trial must
be *de novo.* It is clear, therefore, from the two sections, that
appeals from decrees of county courts ordering the sale of
real estate by administrators to pay debts can only be taken
to the circuit court, and there tried *de novo.* It was so held
by the Appellate Court for the Second District, in a carefully
prepared opinion by PILLSBURY, J. Section 12, however, of
the statute establishing and defining the jurisdiction of pro-
bate courts, under which this appeal was taken, and the con-
stitutionality of which is challenged, authorizes an appeal
from such decrees to be taken to the Supreme Court, to be
taken and prosecuted in the same manner as appeals from
the circuit court, and if that section is upheld there is no
escape from the conclusion that the "proceedings and prac-
tice" in two courts of the same grade or class, and the force
and effect of their process, judgments and decrees, are not
uniform.

It was held in *Kingsbury* v. *Sperry et al.* 119 Ill. 286, that
"the probate court, when adopted, and the county courts in
other counties, as respects all matters of probate and the ap-
plication of guardians to sell or mortgage lands of minors, are
of the same class or grade." The same is certainly true when
they exercise their jurisdiction to decree sales of real estate by
an administrator. It was also said in the *Kingsbury case:* "It
is not admissible that the right to sue out a writ of error on an
application for the sale of real estate by a guardian, in the
probate court, shall be allowed, when the same right is not
allowed on such application in the county court." We are of
opinion, then, that this appeal was improperly taken to this
court, and that section 12, and so much of section 11 of the
Probate Court act (Rev. Stat. chap. 37,) as conflicts with this
view, are unconstitutional and void.

Other reasons why the appeal should be dismissed are pressed upon our attention, but we do not consider it important that they should be decided, in view of the foregoing conclusion.

The appeal will be dismissed.

*Appeal dismissed.*