## McClain v. Williams.

Laws 1897, Chap. 55, amending Comp. Laws, Sec. 5213, so as to prohibit appeals from circuit to supreme court in actions for the recovery of money where the amount recovered is $75 or less, or for the recovery of personal property of that value or less, and not including in its provisions certain county courts having concurrent jurisdiction with the circuit courts, violates Const. Art. 5, Sec. 34, requiring that the laws relative to courts shall be general and of uniform operation throughout the state.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Hutchinson county. Hon. E. G. Smith, Judge.

Action in claim and delivery. Plaintiff had judgment and defendant appealed. In an opinion reported in 10 S. D. 332, 75 N. W. 391, the appeal was dismissed. In this opinion upon rehearing the former judgment of the court is disaffirmed and the motion to dismiss the appeal denied.

*W. J. Hooper* for appellant.

*Wellington Brown* for respondent.

Corson, P. J.   Respondent moved to dismiss the appeal in this case upon the ground that, under the provisions of Chapter 55, Laws 1897, no appeal lies from the judgment appealed from. The motion was granted, and the opinion on the motion is reported in 73 N. W. 72. A petition for a rehearing was filed, calling the attention of the court to Section 34, Article 5 of the state constitution, which was not considered by the court on the motion to dismiss. A rehearing was granted, and the question of constitutionality of the act of 1897, in view of the provisions of section 34 will now be considered. The sec-

tion reads as follows:  ''All laws relating to courts shall be general and of uniform operation throughout the state, and the the organization, jurisdiction, power, proceedings and practice of all the courts of the same class or grade, so far as regulated by law, and the force and effect of the proceedings, judgments and decrees of such courts severally shall be uniform;  provided however, that the legislature may classify the county courts according to the population of the respective counties and fix the jurisdiction and salary of the judges thereof accordingly." Appellant contends that the act of 1897, being expressly limited to appeals from judgments of the circuit court, and not including county courts, which in two counties—Minnehaha and Lawrence—have concurrent jurisdiction with the circuit court in a large class of cases is, clearly in conflict with the provisions of Section 34, above quoted.  He argues  that parties living in the two counties named still have the right to appeal from  any judgment rended in the county courts of those counties, without regard to amount of judgment or value of property claimed while in the same class of cases, tried and determined in the circuit court of those and other counties of the state, parties are denied the right of appeal unless the judgment or value of the property exceeds a fixed sum.  He further contends that circuit and county courts, so far as their jurisdiction is concurrent, are within the meaning of the constitution, courts of the same class or grade, and that all laws relating to such courts must be general and uniform throughout the state.  The respondent insists that the term, ''courts of the same class or grade," should be construed as applicable only to each class of courts provided by the constitution, and not to two or more classes named.

We are inclined to the view presented by appellant. By Section 6, Chapter 78, Laws 1890, county courts had conferred upon them concurrent jurisdiction with the circuit courts in a large class of cases therein specified, limited to the amount therein specified; and by Section 11 of the same act concurrent jurisdiction with the circuit courts, in all appeals from justice courts, was conferred upon them. These sections are still in force in the two counties named, and hence, in a large class of cases, both the county and circuit courts have concurrent jurisdiction in those two counties. It would seem clear, therefore, that, in so far as they have such concurrent jurisdiction, they are "courts of the same class or grade." It would be a too restricted construction of the constitution to hold that Section 34 only applies to some one class of the courts named in the constitution; that is, either circuit courts, county courts, justices' courts, or supreme courts. It is not by the name, but by the jurisdiction, that we are to determine whether or not courts are of the same class or grade. If, then, to the extent that circuit and county courts have concurrent jurisdiction, they are courts of the same class or grade, it is manifest that the provisions of Section 34, Article 5, of the constitution, have not been complied with in the enactment of the law of 1897. As before stated, parties whose cases have been tried in the county courts of the two counties specified may still appeal to this court in all cases, while parties in those counties or other counties of the state are denied the right of appeal in the same class of cases, unless the judgment exceed the amount specified, or the property claimed is of a specified value. The law of 1897 is therefore not general or uniform, and bears unequally on different classes of citizens in the same

county. Furthermore, the law of 1897 discriminates between citizens of different counties, denying the citizens of other counties of the state rights of appeal that are conferred upon the citizens of Minnehaha and Lawrence counties, in a similar class of cases. Such a law cannot be deemed general or uniform. The constitutionality of a similar law to that of 1897 was recently before the supreme court of Illinois in the case of Dawson v. Eustice, 148 Ill. 346, 36 N. E. 87. It would appear from the decision that county courts in that state generally, as here, have jurisdiction of estate matters, with the right of appealtothe circuit courts; but a law was enacted creating probatecourts in counties containing 100,000 population or over conferring jurisdiction in estate matters, and providing that appeals might be taken directly to the supreme court of the state That learned court held that the two courts were of "the same class or grade," and so much of the probate act as conferred a right of appeal directly to the supreme court was unconstitutional, and the appeal was therefore dismissed. Kingsbury v. Sperry, 119 Ill. 279, 10 N. E. 8. The constitional provision of that state seems to be the one from which Section 34, Article 5 was copied, except that the proviso was added to our section. The county courts of Minnehaha and Lawrence counties, to the extent that their jurisdiction is concurrent with circuit courts, must be regarded as courts of the same class or grade. and laws relating thereto must be general and uniform. Chapter 55, Laws 1897, being in conflict with the provisions of Section 34, Article 5 of the state constitution, we are compelled to hold the provisions of that act null and void. The decision of the court granting the motion to dismiss the appeal is disaffirmed, and the motion to dismiss the appeal is denied.