H. K. Roberg & Co., a partnership composed of Roberg, Schrorer & Meehan, by deed assigned its property to Jerome D. Creed for the benefit of its creditors. The deed was filed in the court of insolvency of Hamilton county, Ohio. Greed qualified and was acting as assignee, when Meehan,one of the partners, filed his motion to set aside the deed of assignment on the ground that he had not signed it. The court having overruled his motion, Meehan appeals directly to this court, basing his right to do so upon the act of April 25th 1898, 93 O. L., 669, which amends sections 9 and 13 of the original act by which there is established “in any county of this state containing any- city of the first grade of the firs! class a court of records, which shall be styled ‘the Court of Insolvency,’ ” passed May 21st, 1894, (91 O. L., 844).
The original section 9 conferred jurisdiction on the court of insolvency in all matters of assignment.
Section 9,as amended,confers original and exclusive jurisdiction in matters of assignment, and adds the following:
“Also, in all casas for the appointment of receivers for insolvent corporations, and actions for the dissolution of insolvent corporations; also, in all actions relating to injunctions in regard to the collection of taxes or assessments, or to recover back taxes which have been illegally paid; also, in all actions in replevin brought against an assignee for the benefit of creditors, or for the recovery of assets assigned to an assignee for the benefit of creditors; also, in all actions brought under sections 6352 and 6353 of the Revised ¡Statutes of Ohio; to enforce claims which have been disallowed by the assignee for the benefit of creditors.” *369 * * * “And ail laws now in force, or that may be hereafter enacted, regulating the mode and manner of proceeding in such cases by the probate court or common pleas court shall be held and deemed to extend to the said court of insolvency, and the said court of insolvency shall have like jurisdiction and power in all of the above matters and actions as are now by law, or may hereafter be by law, conferred on probate courts or common pleas courts in like matters or actions.’’
Section 13 of the original act provided that the mode and manner of appeals from probate court shall extend to the court of insolvency.
Section 13, as amended, is as follows:
“Appeals and error may be prosecuted from any judgment, order or decree rendered by the court of insolvency in any action or matter provided for in section 9, above stated, to the circuit court of such county, and all laws now or hereafter enacted regulating the mode and manner of appeals and error from any judgment, order or decree rendered by the court of common pleas, shall be held and deemed to extend to said court of insolvency. ’’
The amended section 9 not only confers additional jurisdiction on the court of insolvency, but withdraws it from the court of common pleas of Hamilton county, to-wit:
(1.) In all actions for the appointment of receivers for insolvent corporations; (2.) Actions for the dissolution of insolvent corporations; (3.) In all actions relating to injunctions in regard to the collection of taxes or assessments; (4.) To recover back taxes which have been illegally paid; (5.) In actions in replevin brought against an assignee for the benefit of creditors; (6.) To enforce claims which have been disallowed by the assignee for the benefit of creditors.
In thus depriving the common pleas court of Hamilton county of its jurisdiction in these matters — in thus making the original jurisdiction of the court of common pleas of Hamilton county differ from that in other counties — it is claimed the legislature violated article 2, section 26, of the *370 constitution, which provides that “All laws of a general nature shall have a uniform operation throughout the state. ”
In the case of Kelley v. State, 6 Ohio St., 269, at page 272, it is said:
“But the courts of common pleas in Ohio are an organization of a general nature, for the organic law of the state provides for their existence in every county; they are an important agency in the administration of justice throughout the state, and are by law clothed with a jurisdiction over every citizen. The laws then which relate to and regulate their organization and jurisdiction are laws of a general nature, and are imperatively required to have a uniform operation throughout the state.”
That section 9, as amended, relates to and regulates the jurisdiction of the court of common pleas of Hamilton county is clear — for it gives the court of insolvency exclusive jurisdiction of certain matters of which the courts of common pleas in other counties have jurisdiction, and deprives the court of common pleas of Hamilton county of its jurisdiction in these matters, and it is therefore required to have a uniform operation throughout the state. This requirement is conceded by counsel for appellant, but it is urged that the section has such uniform operation by reason of its application to “any county of this state containing any city of the first grade of the first class.” In other words, that classification may be applied with like effect to counties as to the organization of cities.
In reference to this class of legislation the supreme court, in a recent case, says:
“But, if its subject matter is not a proper subject of local legislation, this attempt to give it the form of a general law can be of no avail, as has been frequently decided by this court.” Silberman et al. v. Hay, 41 W. L. B., 227,
In a still later case it says:
“While the election laws of cities may be valid under the doctrine of classification, that doctrine does not extend to *371 •counties, and election laws for counties are required to have uniform operation throughout the state.” The State of Ohio ex rel. v. Hugh Buckley et al., 11 W. L. B., 35,
If it be necessary to withdraw certain matters from the jurisdiction of the court of common pleas and add them to that of the court of insolvency, no sufficient reason of a local nature has been suggested why this should be so in Hamilton county that does not apply to any and all the counties of the state. It is true there is more litigation in a large county. But, as said in Silberman et al. v. Hay, supra, “this difference can and bas been provided for by increasing the judicial force of the subdivision in which the county is situated.”
We are of the opinion that section 9, as amended, is unconstitutional and void; but the question still remains, is section 13, as amended, under which this appeal was taken, ■also invalid ? The two sections constitute one act only, passed April 2oth, 1898. Undoubtedly one section of an ■act may be declared unconstitutional and another constitutional when they are independent of each other. But if they are so mutually connected with and dependent of each other as to warrant a belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not have passed the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent or connected must fall with them. 2 Gray, 98, cited in 5 Ohio St., 507.
The additional jurisdiction conferred by section 9 on the court of insolvency and withdrawn from the court of common pleas of Hamilton county virtually made the former court a common pleas court as to certain matters, and the legislature naturally provided that appeals be takeü to the circuit court just as appeals from the common pleas court generally are taken to the circuit court.
Again, section 13 provides for appeals in any action or *372 matter provided in section 9, and makes mention of matters transferred from the probate court under section 10 of the original act, which circumstance clearly indicates that the right of appeal to the circuit court was given because of the additional jurisdiction conferred by section 9, and it is not reasonable to suppose that the legislature would have enacted section 13 alone and without also enacting section 9. If we are right in this position, it furnishes an answer to the suggestion of counsel that “even in the event that this court should be of the opinion that section 9 of the law is invalid because of the alleged withdrawal of jurisdiction from the common pleas court, and that section 13, providing for an appeal in the matters set forth in section 9, ought to fall with section 9, this is not a proceeding in which such a result can be accomplished,’’ because, while section 9 so far as it relates to assignments for the benefit of creditors might be held valid — 'yet section 13 could not be so held, as the only reason that induced the legislature to pass it is found in the fact that at the same time additional jurisdiction was conferred by section 9 on the court of insolvency.
It is further contended that the acl is void because it regulates the appellate jurisdiction of both the circuit courts and the courts of common pleas, but not with uniformity throughout the state.
A citizen of Hamilton county who has a case in the insolvency court under section 9 must take it on appeal to the circuit court, while a citizen of any other county, with a like case, must take it on appeal either to the common pleas court or the circuit court according as the probate or the common pleas court had original jurisdiction thereof. Thus the right to hear appeals in certain cases is taken from the common pleas court of this county and allowed to remain in every other common pleas court of the state. Such an act can not be deemed to have uniform operation throughout *373 the state. McClain v. Williams, 75 N. W. Rep., 391; Dawson v. Eustice, 148 Ill., 346.
A. B. Benedict, for the motion.
Ernst Rehm, Thomas McDougall and A. C. Cassatt, contra.
We conclude, therefore, as follows:
1. An act of the general assembly conferring jurisdiction on the court of insolvency in certain matters and withdrawing such matters from the jurisdiction of the common pleas court,is one of a general nature and must have a uniform operation throughout the state.
2. An act conferring the right to appeal and to prosecute error, in certain cases, directly to the circuit court, and withdrawing the right in such cases to appeal and to prosecute error to the court of common pleas must also have a uniform operation.
3. The doctrine of classification does not extend to counties so as to render an act conferring jurisdiction on courts, uniform in its operation, which otherwise would be local.
4. If two sections, comprising an act, are so mutually connected with and dependent on each other as to warrant a belief that the legislature intended them as a whole, and would not have passed one without the other, and one is unconstitutional, then both must fall together.
5. The act entitled “An act to amend sections 9 and 13 of an act entitled ‘an act to establish a court of insolvency in counties containing a city of the first grade of the first class, and(for the relief of the probate court in such counties’ ’’ (passed May 21, 1894), passed April 25, 1898, is unconstitutional and void. The motion to dismiss the appeal is sustained.
The entire act being unconstitutional and void, the repealing section is also void, thereby leaving sections 9 and 13 of the original act still in force.