## Town of Jamaica v. Town of Vance.

1. TOWNSHIP ORGANIZATION—*Apportionment of Property Where Towns Are Divided.*—Where the territory of a town possessed of, or entitled to money, rights or credits, or other personal property, is divided into different towns, such property is to be apportioned between the towns interested, by the supervisors and assessors of such towns, according to amount of the taxable property in the towns divided as the same existed immediately prior to such division, to be ascertained by the last assessment list of such towns.

2. SAME—*When Towns Are Unable to Agree as to Such Apportionment.*—When towns are unable to agree as to the terms of the apportionment of property upon a division, such disagreement is to be submitted to the County Court of the county for its determination.

3. SAME—*Funds in the Hands of the Treasurer of the Commissioners of Highways.*—Funds in the hands of the treasurer of the commissioners of highways of a town at the time of its division, are the property of such town, within the meaning of the statute, and the taking of a part of its territory for a new town is such an alteration as requires an apportionment of the funds.

4. WRITS OF ERROR—*Lie to the County Court in Matters of Apportioning the Property of Towns.*—The County Court is a court of record, exercising jurisdiction according to the course of the common law, and there being no provision for an appeal from its determination of disputes in relation to the apportionment of property of towns where such towns have been divided, to any other intermediate court or to this or the Supreme Court, or any express inhibition against a review of such matter by this court upon writ of error, a common law writ of error will lie from this court to such County Court.

Action to Settle Disputes Between Towns, on apportionment of property. Error to the County Court of Vermilion County; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded with directions. Opinion filed September 11, 1901.

LOVE & JEWELL, attorneys for plaintiff in error.

KIMBROUGH & MEEKS, attorneys for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

The board of supervisors of Vermilion county, having created the new town of Jamaica out of parts of the old

Town of Jamaica v. Town of Vance.

towns of Vance, Sidell, Carroll and Catlin, the supervisor and assessors of Jamaica, and the supervisor and assessor of Vance, undertook to divide or apportion the personal property of the town of Vance between it and the town of Jamaica, in accordance with the provisions of section 7 of article 3 of chapter 139, entitled "Township Organization," which is as follows:

"When two or more towns, any one or more of which are possessed of, or entitled to moneys, rights or credits, or other personal estate, shall be united, or when a town possessed of or entitled to moneys, rights or credits or other personal estate, shall be divided or altered, such personal estate, including moneys, shall be apportioned between the towns interested therein by the supervisors and assessors of such towns, according to the amount of taxable property in the town or towns united, divided or altered, as the same existed immediately before such union, division or alteration, to be ascertained by the last assessment list of such town; and such supervisors and assessors shall meet for the purpose aforesaid as soon as may be after such union, division or alteration."

But they were unable to agree upon such division or apportionment of the funds which were in the hands of the supervisor of the town of Vance, and those which were in the hands of the treasurer of the commissioners of highways of the town of Vance, both of which were produced by taxation in that town before the new town of Jamaica was created. The supervisor and assessor of the town of Vance contended that the funds in the hands of the treasurer of their commissioners of highways, were not such moneys in the possession of their town or to which it was entitled, as should be so divided or apportioned, and that only such funds as were in the hands of their supervisor at the time the supervisor and assessor of the new town of Jamaica were elected and qualified, should be so divided or apportioned. And the supervisor and assessor of the new town of Jamaica contended that both of said funds, as they existed at the time their town was created, should be so divided or apportioned.

So that dispute was submitted to the County Court of

Vermilion County, where both towns are situated, for its decision in accordance with section 11 of said article, which is as follows:

"When the several towns can not agree in relation to a division or apportionment of the real or personal property, or debts, of any part thereof, as provided in the six preceding sections, the dispute shall be submitted to the County Court of the county whose decision in the matter shall be conclusive between the parties. The court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the rights of the case may be."

The County Court heard the dispute and entered a judgment to the effect that the funds in the hands of the supervisors of the town of Vance, at the time the new town of Jamaica was created, should be divided or apportioned between the towns of Vance and Jamaica, but that inasmuch as the funds in the hands of the treasurer of the commissioners of highways of the town of Vance were not under the control of the supervisor of the town, such funds were not in the possession of the town, nor was it entitled thereto within the meaning of said section 7, and that those funds should not be so divided or apportioned.

The supervisor and assessor of the town of Jamaica excepted to so much of the judgment as determined that the funds in the hands of the treasurer of the commissioners of highways of the town of Vance should not be divided or apportioned between that town and their town, and sued out of this court a writ of error to the County Court in that dispute, and have caused a transcript of the proceedings therein to be brought to this court, upon which they assign as error, that the judgment of the County Court, to the effect that the funds in the hands of the commissioners of highways of the town of Vance should not be divided or apportioned between that town and the town of Jamaica, is contrary to the statute, and ought to be reversed, and the dispute remanded to the County Court for proper determination. The town of Vance moves to dismiss the writ upon the ground that error does not lie to reverse such judgment

because said section 11 makes the decision of the County Court " conclusive between the parties."

In Haines v. The People, 97 Ill. 161, Justice Mulkey reviews many cases in which were presented and decided the question when a writ of error lies to review a judgment, and at page 176 he said:

" From this review of the authorities it is clear that a writ of error lies in this State from either this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations in all cases involving property rights or personal liberty, where no appeal is given from such inferior courts of record to some intermediate court or to this court. And furthermore that this right exists independently of any statutory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law."

And in Kingsbury v. Sperry et al., 119 Ill. 279, Justice Scholfield said (p. 283):

" Writs of error have been held to lie, in the absence of express statutory authority, in purely statutory proceedings that are not according to the course of the common law, only to prevent a failure of justice, because the party afflicted has no other mode of review. This is the result of a fair consideration of all the cases affecting the question, and it is unnecessary to extend this opinion by any analysis of each case. Peak v. The People, 76 Ill. 289, and cases cited, and Haines v. The People, 97 Id. 161."

And in McIntyre v. Sholty et al., 139 Ill. 171, Justice Magruder (p. 178) remarked:

"A writ of error is a writ of right by the common law and in this State it lies from either this court or the Appellate Court, to all inferior courts of record, to review their final determination in all cases involving property rights or personal liberty, where no appeal is given from such inferior court of record. ' This right exists independently of any statutory or constitutional provisions by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law.' (Haines v. The People, 97 Ill. 161; Unknown Heirs of Langworthy v. Baker, 23 Id. 484; Kingsbury v. Sperry, 119 Id. 279.)"

While the statute conferring jurisdiction upon the County Court to hear and determine such disputes makes its decision in the matter conclusive between the parties, still such disputes involve property rights, and the County Court is a court of record exercising jurisdiction according to the course of the common law, and there being no provision for any appeal from its determination of such disputes to any other intermediate court, or to this or the Supreme Court, nor any express inhibition against a review of such determination by this court upon writ of error, we are of opinion that such writ lies, and therefore the motion to dismiss will be overruled.

Counsel for plaintiff in error, the town of Jamaica, insist that the funds in the hands of the treasurer of the commissioners of highways of the town of Vance, when the town of Jamaica was created by the county board, which had been produced by taxation within the corporate limits of that town before the new town of Jamaica was created partially therefrom, were such moneys in the possession of the town of Vance in which the town of Jamaica was interested, and therefore entitled to have apportioned between it and the town of Vance, under the express provisions of said section 7, because such treasurer was, at that time, but the agent and custodian of such funds for the town of Vance; and that the court erred in adjudging otherwise.

While counsel for defendant in error contend that section 7 only provides that such apportionment shall be made when two or more towns, any one or more of which are possessed of or entitled to moneys, rights or credits, or other personal estate, shall be united, divided or altered, and that in this case, the town of Vance was not united, divided or altered, but only a portion of its limits taken to form a part of the new town of Jamaica, and for that reason the judgment of the court was correct in determining that the funds in the hands of such treasurer should not be apportioned, and for the further reason that such funds do not belong to the town of Vance as a corporate entity, but to the commissioners of highways of that town.

In Blanchard v. Town of La Salle, 99 Ill. 278, where suit was brought by the town of LaSalle against Blanchard to recover moneys retained by him for his commissions as treasurer of the commissioners of highways, upon moneys which came into his hands and were paid out by him as such treasurer, the objection was made that the suit by the town did not lie, and reference was made to the provisions of the statute that the treasurer shall hold the moneys he receives " subject at all times to the order of the commissioners of highways, and shall pay them over upon their order, or a majority of said commissioners, and not otherwise." And the court held such suit was properly brought in the name of the town, and Justice Sheldon, at page 283 of the opinion, said :

" The money does not belong to them (commissioners of highways), and they and their treasurer are officers of the town, the relation between them being in the nature of that of principal and agent.   *   *   *   The money belongs to the town, and is in the hands of the treasurer as its mere agent, and we entertain no doubt that the town is entitled to sue for its recovery."

In the case at bar, we are of opinion that the funds in the hands of the treasurer of the commissioners of highways of the town of Vance at the time the town of Jamaica was created, were the property of the former town and in its possession (through its agent or officer) within the meaning of said section 7. And the taking of a portion of the territory of the town of Vance to create in part the town of Jamaica was such an alteration of the former town within the meaning of that section, as required that said funds should be apportioned between said towns as contended for by the supervisor and assessor of the town of Jamaica, and the court erred in adjudging otherwise.

For the error indicated, we will reverse the judgment and remand this dispute to the County Court of Vermilion County with directions to enter judgment therein in accordance with the contention of the supervisor and assessor of the town of Jamaica.

Reversed and remanded with directions.