## Ida Gersman v. Bert L. Cooper, et al.

### Gen. No. 4,567.

1. APPEAL—*to what court taken from order appointing conservator.* An appeal from an order entered by a county court appointing a conservator should be taken to the circuit and not to the appellate court.

2. WRIT OF ERROR—*when does not lie from appellate to county court.* A writ of error does not lie from the appellate to the county court for the purpose of reviewing an order of the latter court appointing a conservator, notwithstanding the jurisdiction of such county court to appoint such conservator is sought to be questioned and an appeal taken therefrom would admit such jurisdiction.

Gersman v. Cooper.

Proceeding for appointment of conservator. Error to the County Court of Kankakee County; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1905. Writ dismissed. Opinion filed March 10, 1906.

D. R. ANDERSON, for plaintiff in error.

BERT L. COOPER, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

By proceedings in the County Court of Kankakee county in November and December, 1903, Mrs. Ida Gersman was found incapable of taking. care of her property, and a conservator of her estate was appointed and qualified. She has sued out a writ of error from this court and seeks to reverse said proceedings because of an alleged defect in the summons which was served upon her, and because of an alleged defect in the service of said summons, and because of an alleged defect in the return upon said summons, because of which defects she claims it appears of record that the County Court failed to acquire jurisdiction to enter said orders. A motion by defendants in error to dismiss the writ of error for want of jurisdiction was taken with the case.

This proceeding in the County Court was under chapter 86 of the Revised Statutes, which was adopted in 1874. Section 40 thereof provides for appeals to the Circuit Court from all orders and judgments rendered under that act. Section 8 of the Appellate Court Act, as amended in 1887, gives the appellate courts jurisdiction of all appeals and writs of error from the final judgments, orders and decrees of county courts, "in any suit or proceeding at law or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute." The Appellate Court Act, being the later, impliedly repealed the former, if they are in conflict. Is this a suit or proceeding either at law or in chancery? Those words in the Appellate Court Act have been construed to mean "a suit or proceeding instituted or carried on in substantial conformity with the forms and modes prescribed by

the common law." Grier v. Cable, 159 Ill., 29. We regard this as not such a suit or proceeding, but as a special statutory proceeding whereby county courts, acting in a summary manner and without pleadings or the forms of the common law may, through a conservator, take charge of and preserve the estates of those who are found to be mentally incapable of caring for their own property. It follows that, notwithstanding section 8 of the Appellate Court Act, appeals from judgments and orders entered under said chapter 86 must go to the Circuit Court as provided in section 40 of said chapter 86. Therefore if Mrs. Gersman had appealed from the orders of which she now complains, that appeal must have been to the Circuit Court. A writ of error will not lie from the Supreme or Appellate Court to bring in review a judgment or order of a lower court where the statute provides for an appeal from such judgment or order of such lower court to the Circuit Court. Hobson v. Paine, 40 Ill., 25; Frans v. People, 59 Ill., 427; Kingsbury v. Sperry, 119 Ill., 279; Dawson v. Eustice, 148 Ill., 346. Where, in a special statutory proceeding, one form of review is specifically given all other forms of review are excluded. Allerton v. Hopkins, 160 Ill., 448. Section 19 of Article 6 of the Constitution does not give an absolute right to a writ of error from the final determinations of county courts. That is only a direction to the General Assembly. Kingsbury v. Sperry, *supra*. Mrs. Gersman's counsel argues that she ought to have a writ of error because by an appeal she would have admitted the jurisdiction of the County Court, whereas she desires to deny that jurisdiction. That is only an argument for some further statute on the subject. A defendant in a suit before a justice of the peace may wish to deny that that officer obtained jurisdiction to render a judgment against him; yet the only direct remedy the statute affords him is by an appeal to the Circuit or County Court, which appeal will confer jurisdiction. Our conclusion is that, as the act under which a conservator was appointed for Mrs. Gersman's estate gave her a right of appeal from that order to the Circuit Court, this court has no jurisdiction

to review that order by writ of error to the County Court.

In Haines v. Cearlock, 184 Ill., 96, the Supreme Court took jurisdiction of a writ of error in a somewhat similar case (though under chapter 85 and not chapter 86), so far as to determine that the record presented no constitutional question for its decision. But it is to be noticed, first, that the provision of said chapter 85 for an appeal to the Circuit Court was not there presented for consideration; and, second, that the person for whose estate a conservator had been appointed was not summoned or notified, and no trial or inquest was had, and hence she had had no opportunity to appeal. Thereafter the Appellate Court took jurisdiction of a writ of error in that case and reversed the order. Haines v. Cearlock, 95 Ill. App., 203. The conclusion of that court that it had jurisdiction was in part based upon the lack of summons, notice and trial. In the case before us Mrs. Gersman was actually summoned (though she asserts there were technical defects in the summons, service and return), and the record shows that she appeared and participated in the trial before the jury, and therefore had the fullest opportunity to appeal to the Circuit Court if she had desired. Indeed, as there is no bill of exceptions in the record giving a history of what occurred at the trial at which she was present and in which she took part, we have no means of knowing but she was at that time entirely satisfied with the result and perhaps even desirous that a conservator should be appointed. If she now considers herself capable of managing her own estate, said chapter 86 contains ample provisions for her restoration to the control of her property.

The writ of error is dismissed.

*Writ of error dismissed.*