O. H. DAMON *et al.* Appellees, *vs.* JESSE G. BARKER *et al.* Appellants.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*section 118 of the new Practice act is a continuation of section 88 of old act.* Section 118 of the Practice act of 1907, except for the inserted clauses relating to cases in which the validity of an ordinance is involved and those which the trial court certifies are of public interest, is the same as section 88 of the old Practice act, and must be held to be a continuation of such provisions and not a new enactment.

2. SAME—*section 118 of Practice act does not give a right of appeal.* The right of appeal to the Appellate Court or Supreme Court is given by section 91 of the Practice act of 1907, and section 118 merely directs to what court appeals which may be allowed by law shall be taken, but it confers no right of appeal to any court.

3. SAME—*a writ of error lies to review confirmation of levee drainage assessment.* Notwithstanding the repeal of section 25 of the Levee act, authorizing appeals and writs of error to review the judgment confirming a levee drainage assessment, a writ of error to review such judgment will lie under section 123 of the Courts act. · (Hurd's Stat. 1908, p. 655.)

4. SAME—*order organizing drainage district is not final.* It is the order confirming a drainage assessment which is final and subject to review in a direct proceeding, and the order confirming the report of the commissioners and finding the district was duly established according to law is merely interlocutory. (*C., C., C. & St. L. Ry. Co.* v. *Polecat Drainage District,* 213 Ill. 83, and *Smith* v. *Claussen Park Drainage District,* 229 id. 155, explained.)

APPEAL from the County Court of Ford county; the Hon. H. H. KERR, Judge, presiding.

CLOUD & THOMPSON, and A. L. PHILLIPS, for appellants.

RAY & DOBBINS, and L. A. CRANSTON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellees presented a petition to the county court of Ford county for the organization of a drainage district under the Levee act, to be known as Drummer Creek Drainage District, and such proceedings were had that an order was entered confirming the report of the commissioners and finding the district duly established as provided by law, in accordance with section 16 of said Levee act. From this order the appellants, two owners of land included within the boundaries of the district, have taken an appeal to this court. The appellees have entered a motion to dismiss the appeal.

Appellants concede that prior to the adoption of the Practice act of 1907 they had no right of appeal from such an order as the one in question here, except such as was given by sections 122 and 123 of the County Court act, (Hurd's Stat. 1908, p. 655,) and that such sections gave them no appeal to the Supreme Court. They insist that under section 118 of the Practice act they now have an appeal to this court, because that section provides that appeals from county courts in cases in which a franchise or freehold, the validity of a statute or construction of the constitution is involved shall be taken directly to the Supreme Court, and appellants say that in this case there are involved both the franchise of being a corporation and the validity of the amendment of May 20, 1907, to the Levee act, restricting the right of petitioners to withdraw from the petition.

Section 118 of the Practice act of 1907 is section 88 of the former act, amended by the insertion of a single clause adding to the cases in which appeals shall be taken directly to the Supreme Court, those in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires. It makes no change in the right of appeal in cases involving a franchise or the validity of a statute. As to those cases the language of the two sections is precisely the same and no change is introduced into the law. As to them the provisions of section 118 are to be construed as a continuation of those of section 88, and not as a new enactment. Such is the requirement of section 2 of chapter 131 of the Revised Statutes. (*People* v. *Zito,* 237 Ill. 434.) It being conceded that no right of appeal existed prior to the act of 1907 none exists since its adoption, because it made no change in the law but merely continued it as it was. However, section 118 has conferred no right of appeal to any court, nor did section 88. The right of appeal to the Appellate or Supreme Court is given by section 91 of the Practice act, and section 118 merely directs to what court appeals which may be allowed by law shall be taken in certain classes of cases.

In *Mack* v. *Polecat Drainage District,* 216 Ill. 56, it was held that the final order in a proceeding of this character was the confirmation of the assessment roll, and that all other orders, including the order establishing the district under section 16, were interlocutory. This appeal is therefore prematurely brought. Section 25 of the act, which provided for appeals or writs of error after the confirmation of the assessment roll, has been repealed since that case was decided, but we have held that a writ of error still lies under section 123 of chapter 37 of the Revised Statutes. *Schafer* v. *Gerbers,* 234 Ill. 468.

In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Polecat Drainage District,* 213 Ill. 83, and in

*Smith* v. *Claussen Park Drainage and Levee District,* 229 id. 155, the order establishing the district under section 16 is spoken of as a final order. Those were condemnation proceedings, in which the land owners sought to attack the organization of the respective districts. The condemnation proceedings were collateral, and the orders establishing the districts were not improperly spoken of as final in reference to a collateral attack on them. But the end contemplated by the proceedings is not merely the establishment of a drainage district, but is the assessment upon the lands benefited of the amount necessary to pay for the construction of the work proposed to be done and the damages occasioned thereby. The final order which terminates the proceedings and constitutes a basis for their review in an appellate court is the order of confirmation of the assessment roll.

The appeal must therefore be dismissed.

*Appeal dismissed.*