HELEN E. MYERS et al. Plaintiffs in Error, vs. THE COM-
MISSIONERS OF NEWCOMB SPECIAL DRAINAGE DISTRICT
et al. Defendants in Error.

Opinion filed April 21, 1910—Rehearing denied June 8, 1910.

1. DRAINAGE—what is the final order in proceeding to organ-
ize special district. The final order in a proceeding to organize a.
special drainage district under section 76 of the Farm Drainage
act is either an order dismissing the petition at the cost of the pe-
titioners or an order declaring the district organized.

2. SAME—appeal from order organizing special district under
Farm Drainage act lies to circuit court. The Farm Drainage act
neither allows nor prohibits an appeal or writ of error to review
an order of the county court organizing a special drainage district
under section 76 of the Farm Drainage act, but an appeal may be
taken to the circuit court under section 122 of County Court act.

3. PRACTICE—effect of section 8 of Appellate Court act on sec-
tion 122 of the County Court act. While section 8 of the Appel-
late Court act has repealed conflicting provisions of section 122 of
the County Court act, yet it does not destroy the right of appeal
from the county court to the circuit court in a case such as a pro-
ceeding for the organization of a special drainage district under
the Farm Drainage act, which is not "a suit or proceeding at law
or in chancery," as those words are used in said section 8.

4. SAME—appeal from order organizing a special district under
Farm Drainage act does not lie directly to Supreme Court. An
appeal from an order of the county court organizing a special
drainage district under the Farm Drainage act does not lie di-
rectly to the Supreme Court, under section 118 of the Practice act,
on the ground that a freehold, franchise or the validity of a stat-
ute is involved, since section 118 gives no right of appeal at all,
but merely directs to what court appeals shall be prosecuted which
are allowed by section 91 of the Practice act.

5. SAME—section 91 of Practice act does not give right of ap-
peal in statutory proceeding. Section 91 of the Practice act does
not give any right of appeal to or writ of error from the Appel-
late Court or Supreme Court in any proceeding which is instituted
and carried on solely in accordance with statutory provisions and
not in substantial conformity with the forms and modes prescribed
by the common law or the rules of chancery.

6. SAME—writ of error will not lie from Supreme Court to re-
view organization of special drainage district. Land owners have a

remedy by appeal to the circuit court if dissatisfied with the action of the county court in organizing a special drainage district under section 76 of the Farm Drainage act, and the cause cannot be removed from the county court to the Supreme Court by a writ of error. (*Lynn* v. *Lynn*, 160 Ill. 307, distinguished.)

WRIT OF ERROR to the County Court of Champaign county; the Hon. THOMAS J. ROTH, Judge, presiding.

E. J. HAWBAKER, and WILLIAM F. WOOD, (D. D. DONAHUE, of counsel,) for plaintiffs in error.

JOSEPH P. GULICK, and RAY & DOBBINS, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out of this court by Helen E. Myers and others to review the record of the county court of Champaign county in a proceeding for the organization of Newcomb Special Drainage District in the counties of Champaign and Piatt and State of Illinois, and to obtain a reversal of the order of said county court declaring said district organized. The defendants to the writ of error are the commissioners of the drainage district. These defendants in error have heretofore entered their motion, which was then taken with the case, to dismiss this writ of error and have assigned numerous reasons in support thereof. We are of the opinion this motion should prevail. It will only be necessary to consider one of the grounds assigned in support of the motion, viz., that this court has no jurisdiction to review the record of the county court in a proceeding for the organization of a special drainage district under the Farm Drainage act.

The petition for the organization of the Newcomb Special Drainage District was brought under section 76 of an act entitled "An act to provide for drainage for agricultural and sanitary purposes, and to repeal certain acts there-

in named," approved June 27, 1885, in force July 1, 1885, as amended by subsequent acts of the legislature, which act is commonly referred to as the Farm Drainage act. Said section 76 provides that where two or more persons owning adjoining lands requiring a system of combined drainage have by voluntary action constructed ditches which form a continuous line or line and branches, and where necessary repairs and improvements are not made by voluntary agreement, a drainage district may be organized, including the lands interested in maintaining such ditches. It does not prescribe the procedure for the organization of a drainage district thereunder, but provides that the form of procedure and the conditions prescribed in the preceding sections of the act of which it is a part shall be observed, as near as practicable, in the organization of such district. The district sought to be organized under the petition in this case included lands in the township of Blue Ridge, in Piatt county, and in the townships of Mahomet and Newcomb, in Champaign county, and the petition was filed and subsequent proceedings had according to the procedure prescribed by sections 49 to 52, inclusive, of the Farm Drainage act, those being the sections relating to the organization of a drainage district under said act when the proposed district lies in three or more towns in the same or different counties. The proceedings for the organization of a drainage district under those sections are instituted by filing a petition in the county court of the county in which the greater part of the lands of the district shall lie. The final order of the court in such proceedings may be an order dismissing the petition at the cost of the petitioners or an order declaring the district organized. If the latter order be entered, subsequent proceedings by the commissioners in classifying the lands and levying assessments are had under the statute and require no further order or confirmation by the court in order to make them effective. The Farm Drainage act does not provide for any appeal

or writ of error to review the action of the county court in entering the order declaring the district organized, nor does it prohibit such appeal or writ of error.

One of the objections interposed in the county court by plaintiffs in error to the organization of the district was that the statute under which the proceedings were brought is unconstitutional, and they contend that because that question is involved, and for the further reason, as argued by them, that a franchise and freehold are involved, this court has jurisdiction to review the cause upon writ of error to the county court. Defendants in error, on the other hand, contend that the legislature has provided an appeal to the circuit court and a trial *de novo* in that court in case plaintiffs in error are dissatisfied with the findings and order of the county court, and that plaintiffs in error cannot pass by the circuit court and bring the cause directly to this court, even though a franchise, a freehold or the validity of a statute may be involved.

Section 122 of "An act to extend the jurisdiction of county courts, and to provide for the practice thereof, to fix the time for holding the same, and to repeal an act therein named," approved March 26, 1874, in force July 1, 1874, which act is commonly known as the County Court act, provides: "Appeals may be taken from the final orders, judgments and decrees of the county courts to the circuit courts of their respective counties in all matters except as provided in the following section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. Upon such appeal, the case shall be tried *de novo*." The following section, being section 123 of said act, as amended by an act approved May 30, 1881, in force July 1, 1881, provides that "appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court, in proceedings for the confirma-

tion of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases, and cases of forcible detainer and forcible entry and detainer." Proceedings in the county court for the organization of a special drainage district under the Farm Drainage act are not included within any of the classes of cases mentioned in section 123, *supra,* and appeals in such proceedings must therefore, under section 122, *supra,* be taken to the circuit court of the county unless said section 122 ·has been modified or repealed in this respect by some subsequent act of the legislature.

In 1877 the legislature passed an act entitled "An act to establish Appellate Courts," which was approved June 2, 1877, and became effective July 1, 1877, and which is commonly known as the Appellate Court act. Section 8 of said act, as amended in 1887, provides that the Appellate Courts created by the act shall have jurisdiction of "all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law or in chancery, other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute," and that "appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the superior court of Cook county directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute," and plaintiffs in error contend that this section has, by implication, repealed section 122 of the County Court act. It has been held by this court that the effect of section 8 of the Appellate Court act is to repeal, by implication, so much of section 122 of the County Court act as is in conflict therewith. (*Union Trust Co.* v. *Trumbull,* 137 Ill. 146; *Lee* v. *People,* 140 id. 536; *Grier* v. *Cable,* 159 id. 29.) But it is apparent that said section 8 has no

application to proceedings such as the one now under consideration. An appeal to or writ of error from the Appellate Court would not lie under that section even though the case did not involve a freehold, a franchise or the validity of a statute, because the proceeding is not a suit or proceeding at law or in chancery. "A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law," (*Grier* v. *Cable, supra,*) and on like principle a suit or proceeding in chancery must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the rules of chancery, and where a franchise or freehold or the validity of a statute is involved, the jurisdiction of the Appellate Court is expressly excluded. Neither would an appeal to or writ of error from this court lie under said section 8, because it only provides for review by this court of the final orders, judgments or decrees of circuit and city courts and the superior court of Cook county, and does not include county courts. It follows that section 122 of the County Court act, in so far as it provides for an appeal in cases such as the one under consideration, was not repealed by section 8 of the Appellate Court act.

Plaintiffs in error next contend that section 118 of the Practice act of 1907 requires all cases involving a franchise or freehold or the validity of a statute to be taken directly to the Supreme Court. This section of the Practice act, however, confers no right of appeal to or writ of error from any court. (*Damon* v. *Barker,* 239 Ill. 637.) The right of appeal or writ of error, in so far as the right is granted by the Practice act, is conferred by section 91 of the act, which provides that "appeals shall lie to and writs of error from the Appellate or Supreme Court, as may be allowed by law, to review the final judgments, orders or

245—10

decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery." Section 118 of the act merely directs to which of the two courts appeals and writs of error allowed by section 91 of the Practice act, or by any other statute giving the right of appeal to or writ of error from the Appellate and Supreme Courts, shall lie in certain classes of cases. (*Damon* v. *Barker, supra.*) Section 91 only provides for an appeal or writ of error "in any suit or proceeding at law or in chancery," and as the term "suit or proceeding at law or in chancery" only includes suits instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules of chancery, (*Grier* v. *Cable, supra; Brueggemann* v. *Young,* 208 Ill. 181;) said section 91 confers no right of appeal to or writ of error from the Appellate or Supreme Court in any case which is instituted and carried on in conformity with forms and modes not according to or recognized by the common law or rules of chancery but solely in accordance with statutory provisions, and does not, by implication or otherwise, repeal section 122 of the County Court act, in so far as the latter section provides for an appeal to the circuit court in such cases.

Neither the Farm Drainage act nor any other provision of the statutes of this State to which our attention has been directed grants the right of appeal to or writ of error from the Appellate or Supreme Court in proceedings for the organization of a special drainage district under the Farm Drainage act. It therefore follows that section 118 of the Practice act can have no application to the case now under discussion, and that the mere fact that a franchise, a freehold or the validity of a statute is involved is not sufficient to warrant this court in assuming jurisdiction of this case upon appeal from or writ of error to the county court.

Plaintiffs in error place great reliance upon the case of *Lynn* v. *Lynn,* 160 Ill. 307, as supporting their contention that they have pursued the proper course in bringing this cause directly to this court by writ of error, and say that the *Lynn* case is conclusive upon the question now under consideration. We do not consider the case at all in point. It was there held that, inasmuch as the statute in regard to the administration of estates provides that an application for the sale of lands to pay debts shall be docketed as other cases, the petition may be amended, heard or continued for notice or other cause and that the practice in such . cases shall be the same as in cases in chancery, and in view of the broad chancery powers conferred on the county court in such cases by the act of June 15, 1887, (Laws of 1887, p. 3,) a proceeding to sell lands to pay debts may properly be regarded as a chancery proceeding within the meaning of a statute granting appeals to and writs of error from the Appellate and Supreme Courts in "any suit or proceeding at law or in chancery," and that if a freehold be involved, such proceedings were required by section 88 of the former Practice act (being section 118, *supra,* except an additional clause added in 1907,) to be taken directly to the Supreme Court, otherwise to the Appellate Court. It is apparent from an examination of the opinion in that case that the decision was based upon the fact that the Administration act required the proceedings for the sale of lands to pay debts to be instituted and carried on in substantial conformity with the forms and modes prescribed by the rules of chancery and not upon the fact that a freehold was involved in the case. In proceedings for the organization of special drainage districts under the Farm Drainage act, however, as we have hereinabove stated, the proceedings are not instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules of chancery, and are therefore not within the meaning of the statutes giving the

right of appeal to and writ of error from the Appellate and Supreme Courts in "any suit or proceeding at law or in chancery." The *Lynn case* is therefore clearly distinguishable from the one at bar. The statute has provided plaintiffs in error with a remedy by appeal to the circuit court, and it is well settled that where such remedy is provided the cause cannot be removed from the county court to this court by writ of error. *Hobson* v. *Paine*, 40 Ill. 25; *Holden* v. *Herkimer*, 53 id. 258; *Haines* v. *People*, 97 id. 161; *Kingsbury* v. *Sperry*, 119 id. 279; *Hart Bros.* v. *West Chicago Park Comrs.* 186 id. 464.

The writ of error must be dismissed for want of jurisdiction.

*Writ dismissed.*