NEACY, Appellant, vs. THOMAS and others, Respondents. SAME, Respondent, vs. SAME, Appellants.

*November 16, 1911—January 30, 1912.*

*Appealable orders: Examination of party as adverse witness.*

An order requiring a party, upon his examination as an adverse witness under sec. 4096, Stats. (Laws of 1909, ch. 84), to answer certain questions and sustaining his claim of privilege as to others, is not appealable under sec. 3069, Stats. (1898).

APPEALS from orders of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Dismissed.*

For the plaintiff there was a brief by *Quarles, Spence & Quarles,* and *Irving Fish,* of counsel, and oral argument by *W. C. Quarles.*

For the defendants there was a brief by *Adolph Huebschmann* and *Arthur R. Barry,* and oral argument by *Mr. Huebschmann.*

The following opinion was filed December 5, 1911:

WINSLOW, C. J. In an action of libel the defendant *Berger* declined to answer a large number of questions which were asked him in the course of his examination as an ad-

verse witness under sec. 4096, Stats. (Laws of 1909, ch. 84), on the ground that he believed that his answers might tend to incriminate him. The commissioner certified the matter to the circuit court, where an order was entered requiring the witness to answer certain of the questions, and sustaining his claim of privilege as to a large number of the questions. The plaintiff appeals from those parts of the order sustaining the claim of privilege, and the defendants *Berger* and the *Social Democratic Publishing Company* appeal from those parts of the order requiring *Berger* to answer certain questions.

Both appeals must be dismissed under the authority of *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, 110 N. W. 207. The orders complained of are merely rulings upon evidence, made in the course of the examination. They are not final orders in a special proceeding, nor do they in any proper sense grant, refuse, continue, or modify a provisional remedy. *State v. Wis. T. Co.* 134 Wis. 335, 113 N. W. 944.

*By the Court.*—Appeals dismissed.

A motion for a rehearing was denied January 30, 1912.