T. G. C. KENNELLY, Administrator of the Estate of Luigi Nardella, Deceased, Appellant, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Respondent.

(170 N. W. 868.)

**Depositions — exceptions to — order suppressing not appealable.**

1. An order sustaining exceptions to and suppressing a deposition is not appealable.

**Depositions — appeal from order suppressing — dismissal by court on its own motion.**

2. Where it clearly appears that an order is not appealable, the court will dismiss the appeal on its own motion, whether the point is raised by the appellee or not.

Opinion filed December 26, 1918. Rehearing denied January 14, 1919.

Appeal from the District Court of Morton County, *W. C. Crawford,* Special Judge.

Plaintiff appeals from an order sustaining exceptions to, and suppressing, a deposition.

*Jacobsen & Murray,* for appellant.

Notwithstanding the language of the statute is mandatory, the statute is one regulating civil procedure, and is construed to be directory only. Patrick v. Nurnberg, 21 N. D. 380.

The defendant failed to make any showing that it was prejudiced by reason of the failure of the signature of the witness. This is essential in order to suppress depositions. Patrick v. Nurnberg, 21 N. D. 382.

The failure of a witness to sign or subscribe his depositions after reduced to writing is no ground for rejection, where the witness has been duly sworn, or the commissioner so certifies. 13 Cyc. 939 and cases cited in No. 33; Rutherford v. Nelson, 2 N. C. 105; Mobley v. Hamit, 1 A. K. Marsh, 590; Moulson v. Hargrove, 1 Serg. & R. 201; Murphy v. Work, 2 N. C. 105; Brinkley v. Bell (Ga.) 62 S. E. 67.

*Watson, Young & Conmy,* for respondent.

Where the deposition was not signed as required by statute it should be suppressed. Wilson v. Campbell, 70 Am. Dec. 586; Avery v. Avery, 62 Am. Dec. 513; Knickerbocker v. Gray, 72 N. E. 869; Reading v. Weston, 18 Am. Dec. 89.

A settlement with an unauthorized administrator does not protect creditors from action by proper party. 150 N. W. 385, 241 U. S. 211.

Depositions in foreign countries can be taken only before any consular officer, vice consul, or secretary of a legation. 8 R. C. L. § 17, Depositions; U. S. Comp. Stat. §§ 3185 & 3211.

CHRISTIANSON, Ch. J. The defendant filed exceptions in writing to a certain deposition taken by the plaintiff. The questions arising on such exceptions came on to be heard before the court before the commencement of the trial, upon the motion of plaintiff's attorneys. The court sustained the exceptions and plaintiff appeals.

In our opinion no appeal lies from the ruling or order in question. The right of appeal depends on the statute; and under our statute an appeal may be taken to this court from the following orders only:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this Code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants, or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice." Comp. Laws 1913, § 7841.

It seems entirely clear that the classes of order sought to be reviewed on this appeal do not fall within any of the orders enumerated. It is in effect merely a ruling upon evidence. Such rulings or orders are not appealable. See Hulett v. Matteson, 12 Minn. 349, Gil. 227; State v. Arns, 72 Iowa, 555, 34 N. W. 329; Neacy v. Thomas, 148 Wis. 91, 133 N. W. 580; Richards v. Burden, 31 Iowa, 305. It is true the respondent has not moved to dismiss the appeal. But it is equally true that where it clearly appears "that the appellant has no right of appeal in the given case, the court will dismiss the appeal on its own motion, whether the point is raised by counsel for the appellee or not." 2 Enc. Pl. & Pr. 338, 339; 4 C. J. 589–592.

While the question is not necessarily involved, we deem it proper to say that we believe that if the order appealed from was subject to review on this appeal, it should be affirmed. The instant action is one for

damages for the death of Luigi Nardella. The deposition suppressed purports to be the deposition of the widow of the deceased. We have before us on this appeal the exceptions, the affidavit of defendant's attorney tendered in support of the exceptions, the deposition, and the order of the court suppressing the deposition. The answers in the deposition are all in the Italian language. In the order suppressing the deposition, the court states that he called an interpreter who could read and interpret the Italian language; and that such interpreter advised the court that he could not find that the deposition was signed; and that he could not find it stated anywhere in the deposition that the witness was illiterate and unable to sign her name thereto; and that he could not find that the deposition was properly certified. to by the officer that took it; and could not find what officer did take it. So far as the statement that the witness did not sign the deposition. is concerned, this does not rest alone on the statement in the court's order. The deposition itself is before us, and an inspection clearly shows that it is not signed by the witness.

It is stated in the defendant's affidavit "that it was impossible to find someone in Italy who would or could attend the taking of this deposition in its behalf; there being no time to communicate and tell them what the lawsuit was about and what examination of the witnesses should be made." It is further averred in the affidavit that the Italian consul located at Denver, Colorado, has communicated with the defendant and claims to be authorized by the widow of the deceased to act in her behalf in the administration of the estate of said deceased, and to take all steps necessary to liquidate any claims she may have against the defendant railway company by reason of the death of her husband.

Section 7899, Compiled Laws 1913, provides: "The deposition must be written by the officer, or in his presence by the witness, or some disinterested person; *and must be subscribed by the witness.*"

Appellant contends that this statute, notwithstanding its mandatory language, is only directory, and cites F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254, in support of this contention. The question of the necessity of the signing of a deposition by the witness was not involved in the Nurnberg Case. It will be noted that the Nurnberg Case cites Cyc. and the Encyclopedia of Evidence. Both of these

authorities deal with the question whether an unsigned deposition is admissible in evidence.

Cyc. says: "The failure of the witness to sign or subscribe his deposition after its reduction to writing requires its rejection. Under some circumstances, however, . . . ' the deposition may be admitted although not signed." 13 Cyc. 939. And the Encyclopedia of Evidence, says: "The witness should sign his deposition [and the court may compel him to do so]. Unsigned depositions have usually been rejected. But, on the other hand, there are numerous precedents, especially in equity, *and in the absence of positive statutes,* of the admission in evidence of depositions not signed by the witnesses, but properly certified by the examining officers." 4 Enc. Ev. 432. See also 7 Standard Proc. 326.

Inasmuch as a determination of the question is in no manner involved in this case, we refrain from expressing any opinion as to whether under any, and if so under what, circumstances an unsigned deposition may be admitted in evidence in this state.

Appeal dismissed.