This is an appeal from a declaratory judgment entered in the county court of Cass county. The proceeding was instituted by the filing of a petition for the construction of the will of Henry J. Rusch, deceased. In response to the issues framed by the petition, answer and reply, a declaratory judgment was entered on June 1, 1931. Notice of appeal from that judgment by the petitioner to this court was served on June 18, 1931. Thereafter the record was transmitted to this court and after some delay the appeal was submitted on briefs without oral argument, counsel for the respondents joining in the submission of the matter on its merits. Under the Uniform Declaratory Judgments Act, courts of record within their respective jurisdictions are declared to have the power to declare rights, status and other legal relations, whether or not further relief is or could be claimed, and such declarations are given the force and effect of a final judgment or decree. Section 7712a1, Supplement to the Compiled Laws of 1913. Any person interested under a will or whose rights or legal relations are affected by a statute may obtain a declaration of his rights or other legal relations (§ 7712a2), and any person interested through an executor or trustee may have a declaration of his rights or legal relations to determine any question arising in the administration of the estate or trust, including questions of the construction of wills (§ 7712a4). The act provides for review as follows (§ 7712a7, Supplement to the Compiled Laws of 1913): "All orders, judgments and decrees under this act may be reviewed as other orders, judgments and *Page 141 
decrees." The petition in the instant case invokes the probate jurisdiction of the county court for the purpose of obtaining a declaratory judgment construing the will, to determine the existence and validity of a purported trust. Assuming the judgment or decree entered to "have the force and effect of a final judgment or decree," it is reviewable in the manner stated in § 7712a7 above.
Under § 8599, Compiled Laws of 1913, any party aggrieved by a decree or order affecting a substantial right made by a county court is given the right to appeal to the district court of the same county. But see, as to adoption proceedings, Re Mair,61 N.D. 256, 237 N.W. 756. All appeals from decrees of county courts in the exercise of their probate jurisdiction must be taken under this statute to the district court, the supreme court not being vested with immediate appellate jurisdiction in such matters. The only appeals that lie from the county court to this court are appeals in actions brought under the provisions of the chapter governing the increased jurisdiction of county courts. Chapter 9 of the Probate Code, §§ 8929 to 8975, inclusive (Comp. Laws 1913, § 8960). The declaratory judgment in the instant case, not having been entered in the exercise of the increased jurisdiction of the county court, is not appealable directly to this court under § 8960 of the Compiled Laws of 1913. The matter can come here on appeal only when it is determined by the judgment of a district court and is appealed under § 7818, Compiled Laws of 1913. It is a well settled rule of appellate practice that where the appellant has no right of appeal in the given case, the appeal will not be entertained, but "the court will dismiss the appeal on its own motion, whether the point is raised by counsel for the appellee or not." 2 Enc. Pl. Pr. 338, 339; 4 C.J. 589-592; Kennelly v. Northern P.R. Co. 41 N.D. 395, 170 N.W. 868. See also Re Mair, 61 N.D. 256, 237 N.W. 756, supra; Stratton v. St. Louis S.W.R. Co. 282 U.S. 10, 75 L. ed. 135, 51 S. Ct. 8.
In view of the fact that the declaratory judgment of the county court has become final by reason of no appeal having been taken therefrom to the district court within the time provided by statute (Comp. Laws 1913, § 8601), and of the further fact that the subject matter falls within the appellate jurisdiction of the district court and, in *Page 142 
turn, of this court on appeal from the district court, two members of this court, Judges Birdzell and Burr, are of the opinion that, in the absence of a motion to dismiss, the court should not dismiss on its own motion. In their opinion the judgment might be reviewable by this court on writ of error to the county court, under §§ 7849a1 and 7849a2, Supplement to the Compiled Laws of 1913. They are aware, of course, that rules have not been prescribed for the issuance of writs of error, but nevertheless it is their view that the common law principles governing this remedy for the review of judgments of inferior courts are sufficiently definite that the failure to prescribe rules under which the remedy may be available does not absolutely preclude its use and the declaration that the authority to give it shall be in addition to the provisions of law applicable to appeals is a sufficient indication of legislative purpose to vest appellate jurisdiction in this court that it cannot be said that this court lacks all appellate jurisdiction in the matter. The majority of the court, however, are of the opinion that the statute relating to writs of error has no application; that inasmuch as review has been sought in this case by appeal, this court, in the absence of statute granting such power, has no authority to transform such appeal into a proceeding in error (Myers v. Newcomb Special Drainage Dist. 245 Ill. 140, 91 N.E. 1070; Gersman v. Cooper, 125 Ill. App. 402; 3 C.J. 344; Gsell v. Insular Collector of Customs, 239 U.S. 93, 60 L. ed. 163, 136 S. Ct. 39; Zucht v. King, 260 U.S. 174, 67 L. ed. 194, 43 S. Ct. 24; 443 Cans of Frozen Egg Product v. United States, 226 U.S. 172, 57 L. ed. 174, 33 S. Ct. 50. See also Barnett v. Kunkel,264 U.S. 16, 68 L. ed. 539, 44 S. Ct. 254; Citizens Nat. Bank v. Durr,257 U.S. 99, 66 L. ed. 149, 42 S. Ct. 13; Yazoo M. Valley Co. v. Clarksdale, 257 U.S. 10, 66 L. ed. 104, 42 S. Ct. 27; Stratton v. St. Louis S.W.R. Co. 282 U.S. 10, 75 L. ed. 135, 51 S. Ct. 8); and the right of appeal being statutory and extending only to the cases falling within the statute (Myrick v. McCabe, 5 N.D. 422, 67 N.W. 143; Torgerson v. Minneapolis, St. P. S. Ste. M.R. Co.51 N.D. 745, 200 N.W. 1013; Whitney v. Ritz, 24 N.D. 576, 140 N.W. 676; Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132; Kennelly v. Northern P.R. Co. 41 N.D. 395, 170 N.W. 868; Myers v. Newcomb Special Drainage Dist. 245 Ill. 140, 91 N.E. 1070, supra; *Page 143 
Gersman v. Cooper, 125 Ill. App. 402, supra; 2 Standard Proc. pp. 134, 140; 2 Enc. Pl. Pr. 338, 339; 4 C.J. 589, et seq.), and it clearly appearing that there is no provision of law authorizing an appeal to this court from the decision rendered by the county court in this case, the appeal should be dismissed. Kennelly v. Northern P.R. Co. 41 N.D. 395, 170 N.W. 868, supra; 2 Enc. Pl. 
Pr. pp. 338, 339.
The majority of the court are further of the opinion that the mode prescribed by the legislature for a review of the decision of a county court in a probate matter, namely, an appeal to the district court (Comp. Laws 1913, § 8599), is exclusive; and that the statute providing for issuance of writs of error by the Supreme Court was not intended to make reviewable in the Supreme Court the judgments rendered by the county court in a probate matter. Holbrook v. Cook, 5 Mich. 225; Conrad v. Button, 28 Mich. 365; Smith v. Rice, 11 Mass. 507; Tandy v. Rowell, 54 N.H. 384; 26 Standard Proc. p. 632.
It follows from what has been said that the instant appeal must be dismissed. It is so ordered.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.