Douglas P. ZIMNEY, Appellant,

v.

**NORTH DAKOTA CRIME VICTIMS REPARATIONS BOARD, Appellee.**

Civ. No. 9319.

Supreme Court of North Dakota.

March 10, 1977.

**10**

MacKenzie & Jungroth, Jamestown, for appellant; argued by Hendry K. MacKenzie.

Richard J. Gross and Lawrence A. Dopson, Workmen's Compensation Bureau, Bismarck, for appellee.

SAND, Justice.

Douglas P. Zimney, claimant and appellant, on 8 March 1976 filed a claim under Chapter 65–13, North Dakota Century Code, the Uniform Crime Victims Reparations Act, for compensation and medical expenses, with the Board (Workmen's Compensation Board). After a preliminary investigation and some correspondence with claimant and his attorney the claim was set for a hearing. A notice of hearing and issues were sent by certified mail to Zimney and his attorney, James Jungroth.

On 13 April 1976 the hearing was held at the courthouse of Stutsman County, Jamestown, North Dakota, where the alleged injury was sustained. After the hearing an order denying the claim was entered on 13 May 1976 and mailed separately by certified mail to the claimant and his attorney on 18 May 1976. Claimant, through his attorney, appealed the denial to the district court on 11 June 1976 and filed the required undertaking. On 15 June 1976 the attorney for the Crime Victims Reparations Board wrote a letter to the attorney of the claimant advising him as follows:

> "You should be made aware that the appeal to the district court may not be in accordance with Section 65–13–17(3) of the North Dakota Century Code. Enclosed please find a copy of an Opinion from Judge Alfred A. Thompson, in which he concludes that the District Court has no jurisdiction to hear an appeal from a decision of the Crime Victims Reparations Board. It would seem, then, that the correct procedure for appeal might be to the Supreme Court."

The case referred to by the attorney of the Board is entitled *Hughes v. North Dakota Crime Victims Reparations Board.* It had been appealed to the district court, which held it had no jurisdiction. Ultimately the case was appealed to the Supreme Court which, on November 6, 1976, held, amongst other things, that appeals from decisions of the Board lie directly to the Supreme Court and not to the district court. The Supreme Court decision rested upon the provisions of subsection (3) of § 65–13–17, NDCC, which provides as follows:

> "3.  A final decision of the board is subject to judicial review on appeal by the claimant, the attorney general, or the offender in the same manner and to the same extent as a decision of the district court."

On 9 February 1977 the present attorney of the same law firm filed a "Motion to Amend Appeal to Supreme Court" dated 8 February 1977. The motion consisted of three parts. Part I requested an order amending the appeal from the district court to the Supreme Court. Part II requested an order that the proceedings had on the trial, entitled *State v. Dennis Keith Taxis,*

case No. 75–12–059, be transcribed and certified by the court reporter and that said transcript be transmitted to the Supreme Court as part of the record on appeal and that the costs of the transcript be borne by the Crime Victims Reparations Fund. Part III requested an order that additional testimony be taken by way of deposition and the costs for the taking of the deposition be paid for by the Crime Victims Reparations Fund.

Zimney, during oral argument before this court, withdrew his motion to amend the appeal to the Supreme Court and made an oral motion to remand the case to the Crime Victims Reparations Board.

■ Because the claimant made a motion to withdraw the motion to amend and to remand the case to the agency, it is extremely difficult to determine what jurisdiction this court has, if any, as a result of the proposed withdrawal of the motion to amend the appeal. If the motion to withdraw the motion to amend the appeal were granted, we would have no matter pending before this court. This matter initially was complicated, and has now become extremely complicated by the motion to withdraw the previous motion to amend and substitute it with a motion to remand. It is basic that before any jurisdiction may be exercised by the court appropriate pleading must be filed giving rise to the court's jurisdiction.

■ In view of the impossible situation that has developed as a result of this oral motion, which has been confirmed in writing by an affidavit and filed with the court, we will treat the oral motion to remand as an additional motion rather than a motion substituting for the basic motion to amend the appeal to the Supreme Court.

With this understanding, we will consider the motion to amend as well as the additional motion to remand to the Crime Victims Reparations Board for certain purposes.

■ With reference to the motion to amend, no statute or rule was cited or called to our attention, and we are not aware of any, which authorizes or recognizes a motion such as we have here.

We must also take into account the total circumstances which may have precipitated the basic motion to amend the appeal to the Supreme Court.

The Board previously proposed rules of practice and procedure for the administration of the Uniform Crime Victims Reparations Act which were submitted to the Attorney General for approval, and were approved on May 17, 1976. In examining these rules we find that some may have a definite bearing on the present situation. They are:

Specifically as to the instant matter, R 65–13–18 provides that "An appeal from a Board decision may be taken to the same extent and in the same manner as provided in § 38–32–15, NDCC";

R 65–13–15 which provides that the costs of taking affidavits or depositions shall be borne by the requesting party unless otherwise ordered by the Board;

R 65–13–15 provides in substance that any information not presented in the formal hearing must be pursuant to § 28–32–07, NDCC;

R 65–13–17 provides that a rehearing may be pursuant to § 28–32–14, NDCC; and

R 65–13–20, in substance, provides that a party shall have a right to be represented by an attorney at any stage of the proceedings, but that attorney fees would be allowed for the claimant's attorney only if the claim becomes contested, and then not to exceed the maximum rate of $35 an hour would be allowed, and that the Board may deny attorney fees upon a finding that the claim or appeal is frivolous. The same rule also contains the following:

"The attorney shall file a notice of legal representation, or when appropriate, a notice of substitution prior to or together with that attorney's first indication with or appearance before the Board, whichever is first. After the filing of a notice of legal representation or of substitution copy of all written communications or

notices to the party shall be sent to such attorney in lieu of the party so represented."

It was also stipulated at oral argument between the parties that the record made before the Bureau would be transmitted to the court for its consideration.

In addition to this background, we must also take into account subsequent developments in considering the motion to amend the appeal to the Supreme Court.

When the appeal was taken to the district court, no court ruling was in effect construing the provisions of § 65–13–17(3), NDCC. The case of *Hughes v. North Dakota Crime Victims Reparations Board*, 246 N.W.2d 774 (N.D.1976), was the first definitive ruling by a court which held that an appeal from the Board was directly to the Supreme Court instead of to the district court. Significantly, at the time of the appeal Rule 65–13–18 provided that an appeal be taken in the same manner as provided in § 28–32–15, NDCC, which meant appealing to the district court. (We are aware that Chapter 28–32, NDCC, also provides that an administrative decision which has been appealed to the district court also may be appealed or reviewed in the Supreme Court.) The district court in this instance was never asked to, nor did it rule on the appeal filed with it.

Under this setting it is understandable why Zimney appealed to the district court rather than to the Supreme Court.

The record before us does not indicate that R 65–13–18 has been amended since the ruling in the *Hughes* case, November 6, 1976, nor does the record indicate that the Board has informed Zimney or his attorney that the method of appeal has been changed as a result of the *Hughes* case decided by the Supreme Court. The letter of June 15, 1976, was the only communication on the subject of appeal between the Crime Victims Reparations Board and the claimant's attorney, but this was before the Supreme Court decision and may be considered only as an alert.

The *Hughes* case appeared in news accounts, and was reported in the advance sheets of the North Western Reporter dated December 22, 1976.

We do not believe that a practicing attorney or the claimant must rely upon newspaper accounts to keep informed on legal developments or that a rule has been negated or declared a nullity. We believe the practicing attorney usually keeps informed by reviewing the advance sheets, but we are not prepared to hold the attorney is to be held strictly accountable for any information that may be contained therein without first advising him of such requirement. For that matter, the *Hughes* case does not make a specific reference that R 65–13–18 has been superseded, repealed or amended by the Supreme Court decision. In making the foregoing comments we are not faulting the Board or its attorney.

Under this strange, unusual situation we are nevertheless required to do justice to all parties concerned. It would be extremely harsh to simply reject a motion to amend on the grounds there is no such provision either by rule or by statute, particularly so where it appears to us that the claimant resorted to the motion to amend as a means of correcting the erroneous appeal taken to the district court through no fault of his own. The Board argued that if the claimant had re-filed the notice of appeal directly to the Supreme Court shortly after the *Hughes* opinion was published and within the time limits, such appeal would have been honored. Such a posture leaves much to be desired under these circumstances.

■ An appeal to the wrong court does not confer any jurisdiction to the appellate court and must be dismissed. See, *In re Rusch's Estate,* 62 N.D. 138, 241 N.W. 789 (1932). However, this would apply only to the appeal filed in the district court which was never acted upon.

In *People v. Schoff*, 266 App.Div. 158, 42 N.Y.S.2d 216 (4th Dept.1943), the defendant intended to appeal to the appellate division of the fourth department as required, but inadvertently specified third department in the notice of appeal. She then moved for

an order amending the notice of appeal by striking the words "third department" and inserting in place thereof the words "fourth department." The court granted a motion amending the notice of appeal nunc pro tunc as of the date of serving and filing, and striking out the words "third department" and by inserting in place thereof the words "fourth department."

In another New York case, *F. T. Bishop, Inc. v. Amsterdam Restaurant & Bar*, 276 App.Div. 783, 93 N.Y.S.2d 135, the supreme court (appellate division, second department, 1949) held that the notice of appeal erroneously specifying that appeal was taken to the appellate division in the first department, instead of the second department, may be amended on proof that it was inadvertent or excusable, and appeal should not be dismissed because of such error.

These cases are not directly in point but they do lend support to the proposition that a notice of appeal filed inadvertently or on excusable grounds with the wrong court may be corrected on a nunc pro tunc basis.

We are also aware that if we were to recognize the motion to amend and merely grant the motion we would bifurcate the process and merely delay the ultimate disposition of the basic questions and other contents of the motion. Under these unusual circumstances we believe that the motion to amend the appeal can be and should be treated as in fact an appeal to this court. We take into consideration that the circumstances of the appeal are not changed except from the district court to the Supreme Court. We also reiterate that the motion to withdraw the motion to amend would leave this court without jurisdiction, and that motion is accordingly denied.

In a desperate effort to give the claimant his day in court, under these strange and unusual circumstances, we are persuaded to treat the motion to amend the appeal to the Supreme Court as an appeal to the Supreme Court for the limited purpose of assuming jurisdiction and providing a proper disposition of the other portions of the motion.

Having reached this conclusion, we now consider that portion of the motion wherein

Zimney makes application for an order requiring a transcript of the case, *State v. Dennis Keith Taxis*, be made and transmitted to the Supreme Court as part of the record on appeal and that the costs of the transcript be paid by the Crime Victims Reparations Board.

In this respect Zimney, in effect, is asking this court to consider and act on a matter which had never been submitted to the Board for its consideration. We also note that no showing has been made by Zimney that he has complied with § 28–32–18, NDCC, or that he unsuccessfully attempted to secure this testimony at the hearing before the Board, nor did he give any indication that he had subsequently made such a request to the Board, which was denied.

██ Generally, this court on appeal reviews only proceedings taken before the agency or before the district court. The record before this court does not illustrate the necessity of the transcript or what is to be accomplished by the transcript or why it is essential for the Crime Victims Reparations Board to take it into consideration. We are aware that the rules of evidence do not apply in matters before an administrative agency. (See Rule 1101, Applicability Rule, which in substance provides that proceedings conducted pursuant to Chapter 28–32, NDCC, are not subject to the rules of evidence.) But even Zimney gave no indication of what probative value the transcript has or that it is necessary or that it may even be used.

██ What we have said with reference to the transcript equally well applies to the requested order for the taking of additional testimony by way of deposition, which is to be paid by the Crime Victims Reparations Board. In this instance no showing has been made, nor is there any record that such a showing was made before the Board as to the necessity of the depositions, particularly as to from whom and why, and why the costs should be paid by the Board. Under these circumstances the request for orders may not be entertained by this court.

We also treat the motion made by Zimney in oral argument as, in effect, a motion to remand the appeal to the Crime Victims Reparations Board for purposes of considering the subject matter contained in his request for an order to provide a transcript and depositions.

We therefore remand the entire matter to the Crime Victims Reparations Board where the claimant, Zimney, may make appropriate motions or applications to the Board supported by valid reasons why the transcript should be provided and why a deposition should be permitted to be taken and paid for by the Crime Victims Reparations Fund. The Board may then exercise its judgment. In making this disposition, we also recognize that the Board may take into account the fact that the attorney representing the claimant did not appear before the Board after numerous contacts and after having received notice to attend the hearing.

However, in the interests of justice, we feel compelled to issue a caveat. The Uniform Crime Victims Reparations Act, in subsections (3), (4) and (5) of § 65–13–06, NDCC, sets forth the grounds upon which a claimant will be denied benefits under the Act. If the facts are such so as to bring him within those subsections all efforts would be futile.

█ It may also be that Zimney is primarily concerned with the construction of subsections (3), (4) and (5) of § 65–13–06, NDCC, and that the record presently before this court should constitute the record for purposes of determining the constructions to be placed upon the aforementioned provisions. To accomplish this we give the claimant an option to do so. If he intends to proceed in this manner he will have to declare his intentions in writing to this court within a period of 15 days from the receipt of this decision and the court will hear the appeal on the record as it presently exists before the court. If Zimney decides to proceed in this manner he will necessarily forego the remand and his request for a transcript of the criminal proceedings and the request for the taking of depositions.

If Zimney intends to proceed on the record before this court he will be required to file his brief within 30 days from the filing of his written statement referred to above and the Board will be required to file its reply brief within a period of 15 days.

No costs to be assessed to either party.

Before ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.